William L. Miller (D.C. Bar No. 443191)
The William Miller Group, PLLC
1666 Connecticut Avenue, NW
Suite 500
Washington, DC 20009
(202) 256-2306
(202) 318-2427  FAX

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ENVIRONMENTAL DEFENSE, Inc.<br>257 Park Avenue South, New York, NY 10010<br><br>NEIGHBORS FOR NEIGHBORS, Inc.,<br>P.O. Box 661, Elgin, TX   78621<br><br>            Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave., NW<br>Washington, D.C.<br><br>            Defendant. | <br><br><br><br><br><br><br><br><br>Case No. _____ |

**COMPLAINT**

**I.  STATEMENT OF THE CASE**

1.      Plaintiffs Environmental Defense and Neighbors for Neighbors, (collectively, "plaintiffs") bring this civil action against the Department of Justice ("DOJ") for declaratory and injunctive relief under the federal Freedom of Information Act, ("FOIA"), 5 U.S.C. § 552, as amended, that seeks an order requiring DOJ to produce to plaintiffs all agency records improperly withheld.

## II.  JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 5 U.S.C. § 552(a)(4)(B) (Freedom of Information Act), 28 U.S.C. § 1331 (federal question statute) and 28 U.S.C. § 1361 (mandamus statute).

3. Pursuant to 5 U.S.C. § 552(a)(4)(B), venue is proper in the District of the District of Columbia.

## III.  PARTIES

4. Environmental Defense is a non-profit environmental organization. Environmental Defense has over 9,000 members in Texas. Environmental Defense is dedicated to protecting the environmental and informational rights of its members.

5. Neighbors for Neighbors is a Texas-based membership organization. Neighbors for Neighbors has approximately 150 members in Texas. Its mission is to protect its members' interests in environmental protection the open access to information.

6. Defendant Department of Justice is an agency of the federal government. The Freedom of Information Act applies to the DOJ. The DOJ has promulgated regulations to guide the administration of its duties under the FOIA. 28 C.F.R. § 16.1 *et seq*.

## IV.  STATEMENT OF FACTS

7. On February 16, 2007, counsel for plaintiffs electronically served a Freedom of Information Act request ("plaintiffs' FOIA request") on the DOJ seeking, *inter alia*, copies of written communications since June, 2005, from or to any DOJ political appointee regarding the prosecution and settlement of the case *United States of America v. Alcoa, Inc.*, Civil Action No.

A-03-CA-222-SS, pending in the United States District Court for the Western District of Texas. A true and accurate copy of such request is attached hereto as Exhibit A.

8. DOJ received plaintiffs' FOIA request electronically on February 16, 2007.

9. In a letter to plaintiffs' counsel, DOJ stated it received plaintiffs' FOIA request on February 21, 2007.

10. Plaintiffs' FOIA request was consistent with the requirements of Department of Justice FOIA procedures as set forth at 28 C.F.R. § 16.1 *et seq.*, and the statutory FOIA request procedures set forth at 5 U.S.C. § 552(a).

11. Pursuant to 5 U.S.C. § 552(a)(6), DOJ was required to respond to plaintiffs' FOIA request within 20 business days. More than 20 business days have passed since DOJ acknowledged it received plaintiffs' FOIA request. As of the date of this complaint, DOJ has not responded to plaintiffs' FOIA request.

12. Pursuant to 5 U.S.C. § 552(a)(6)(C), plaintiffs are deemed to have exhausted their administrative remedies with respect to their FOIA request due to DOJ's failure to respond to such request within 20 business days.

13. DOJ did not claim it was unable to meet the 20-day time limit due to "unusual circumstances."

## V. CAUSE OF ACTION

14. Plaintiffs incorporate by reference and reallege the allegations contained in paragraphs 1 through 13 for the cause of action set forth below.

15. 5 U.S.C. § 552(a)(6) and 28 C.F.R. § 16.6 require DOJ to provide a response to any FOIA request within 20 days of receipt.

16. 5 U.S.C. § 552(a)(6) and 28 C.F.R. § 16.6 also require DOJ to provide a reason for not providing any agency record requested, to make a reasonable effort to segregate non-exempted information, and to provide opportunity to appeal the partial or entire withholding of any agency record.

17. 5 U.S.C. § 552(a)(6)(C) provides that if an agency fails timely to comply with the requirements immediately above, the person requesting agency records is considered to have exhausted his administrative records regarding such request.

18. DOJ has violated, and continuesto violate, the Freedom of Information Act and its own regulations by failing timely to provide to plaintiffs, in whole or in part, documents responsive to plaintiffs' FOIA request.

19. DOJ has violated, and continues to violate, the Freedom of Information Act and its own regulations, by failing timely to provide to plaintiffs an explanation of its reasons for denying disclosure of such records, for failing to make any effort to segregate non-exempt information within such records, and for failing timely to provide an appeal of any such determination.

## VI. RELIEF REQUESTED

WHEREFORE, plaintiffs respectfully request this Court to grant the following relief:

A. EXPEDITE this matter on the court's docket to ensure prompt review;

B. DECLARE that DOJ's failure to provide the records requested by plaintiffs to be unlawful;

C. ORDER DOJ to make the requested records available immediately to plaintiffs;

D.  ORDER DOJ to prepare an index of any documents withheld from plaintiffs within ten days of the Court's order, consistent with the requirements of *Vaughn v. Rosen*, 484 F.2d 520 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974);

E.  ORDER DOJ to pay plaintiffs their costs of litigation, including but not limited to reasonable attorney fees, as authorized by 5 U.S.C. § 552(a)(4)(E); and

F.  GRANT such other relief as the Court deems necessary and proper.

DATED this 29th day of March, 2007.

ENVIRONMENTAL DEFENSE,
and NEIGHBORS FOR NEIGHBORS,
Plaintiffs

William L. Miller (D.C. Bar No. 443191)
The William Miller Group, PLLC
1666 Connecticut Avenue, NW
Suite 500
Washington, DC 20009
(202) 256-2306
(202) 318-2427  FAX

REED ZARS
*Motion pro hac vice pending*
Wyoming Bar No. 6-3224
Attorney at Law
910 Kearney Street
Laramie, WY 82070
307-745-7979
307-745-7999 (fax)

Attorneys for Plaintiffs

**Attachment to Complaint**

**Attachment A**: Plaintiffs' February 16, 2007 FOIA request to Department of Justice.

Environmental Defense
257 Park Avenue South
New York, NY 10010

Neighbors for Neighbors
P.O. Box 661
Elgin, TX   78621

**George E. Hays**
Attorney at Law
236 West Portal Avenue #110
San Francisco, CA  94127
Office: (415) 566-5414 Fax: (415) 731-1609

---

February 16, 2007

**Via Electronic Mail**:

Attachment A to FOIA complaint

Matthew W. Morrison, Sr. Counsel
United States Department of Justice
Env. & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044

     RE: Freedom of Information Act Request

Dear Mr. Morrison:

     Pursuant to the Freedom of Information Act, 5 U.S.C. § 552 and the rules of the United States Department of Justice ("DOJ"), set forth in 28 C.F.R. part 16, subpart A, I am writing on behalf of my clients, Environmental Defense, Public Citizen, and Neighbors for Neighbors to request the following information:

     All documents

     (1) relating directly to *United States of America v. Alcoa, Inc.*, Civil Action No. A-03-CA-222-SS, consolidated with *Neighbors for Neighbors v. Alcoa, Inc.*, Civil Action No. A-01-CA-881-SS, pending in the United States District Court for the Western District of Texas, that:

     (2) that were created since June 2005; and

     (3) that

          (a) went to, came from, or were prepared by Sue Ellen Wooldridge, Alberto Gonzales, or any other political appointee or acting official at

Matthew W. Morrison, Sr. Counsel
February 16, 2007
Page 2

>the political appointee level at the United States Department of Justice,

>(b) went to, came from, or were prepared by Grant Nakayama, Bill Wehrum, Stephen L. Johnson, or any other political appointee or acting official at the political appointee level at the United States Environmental Protection Agency, or

>(c) went to, came from, or were prepared by any employee of the White House.

This request includes, but is not limited to, any records (including calendars) of meetings, telephone calls or other communications **between** (1) Ms. Wooldridge or the other individuals identified above **and** (2) representatives of TXU or its subsidiaries **or** representatives of Alcoa, Inc. and its subsidiaries regarding the above-mentioned case. This request also includes, but is not limited to, any e-mails and attachments, and any other electronic media transmitted between (1) Ms. Wooldridge or the other individuals identified above **and** (2) representatives of TXU or its subsidiaries **or** representatives of Alcoa, Inc. and its subsidiaries regarding the above-mentioned case.

I request that to the extent that DOJ can do so, we be furnished with electronic copies of the above documents (to minimize the expense and burden of copying).

My clients hereby request a fee waiver for all copying costs, mailing costs, and other costs related to locating and tendering the documents. I would note, however, that we expect that copying costs should be avoidable under the approach to document review we request.

Thank you for your prompt attention to this matter.

>Yours Sincerely,

>s/ George E. Hays

Matthew W. Morrison, Sr. Counsel
February 16, 2007
Page 3

CC:

Ben Fisherow, DOJ
Tom Mariani, DOJ
Adam Kushner, EPA
Richard Alonso, EPA
Josh Olszewski, EPA
Raymond Magyar, EPA

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

ENVIRONMENTAL DEFENSE &
NEIGHBORS FOR NEIGHBORS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Travis
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

U.S. Department of Justice

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
/William Miller, W. Miller Group PLLC
1666 Connecticut Ave., NW #500
Washington, D.C. 20009

Case: 1:07-cv-00605
Assigned To : Collyer, Rosemary M.
Assign. Date : 3/30/2007
Description: ENVIRONMENTAL DEFENSE V. D.O.J.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ I. *FOIA/PRIVACY ACT*<br><br>☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Civil Action under FOIA, 5 U.S.C. §552, seeking disclosure of documents.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   **DEMAND $** _____  Check YES only if demanded in complaint  **JURY DEMAND:** ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE 03-29-07  SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.